1  Russell S. Thompson IV (029098)
2  Joseph Panvini (028359)
   Thompson Consumer Law Group, PLLC
3  5235 E. Southern Ave., D106-618
   Mesa, AZ 85206
4  Telephone: (602) 388-8898
   Facsimile: (866) 317-2674
5  rthompson@consumerlawinfo.com
6  Attorneys for Plaintiff

7                    UNITED STATES DISTRICT COURT
8                    FOR THE DISTRICT OF ARIZONA

9  John Dix,                          )  Case No.
                                      )
10 Plaintiff,                         )  **COMPLAINT AND TRIAL BY JURY**
11                                    )  **DEMAND**
                                      )
12       vs.                          )
                                      )
13 National Credit Systems, Inc.,     )
                                      )
14 Defendant.                         )
15 _____  )

16                      **NATURE OF ACTION**

17       1.    Plaintiff John Dix ("Plaintiff") brings this action against Defendant National
18
19 Credit Systems, Inc., ("Defendant") under the Fair Debt Collection Practices Act
20 ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

21                    **JURISDICTION AND VENUE**
22
23       2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C.
24 § 1331.

25       3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the
26
27 acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff
28 resides in this district, and where Defendant transacts business in this district.

                              Complaint - 1

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

5.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

7.      The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.

8.      The FDCPA also requires certain disclosures within the initial written communication which discloses, among other information, "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

9.      "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor."  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted).

10.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or

intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

11.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

12.     "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

13.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

14.     Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

19.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment lease (the "Debt").

20.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     Plaintiff, a retired Vietnam veteran, gave his 30 day notice to move out of his apartment complex, Metro on 19th ("Metro") due to excessive noise by one of his neighbors.

22.      After applying Plaintiff's security deposit, Metro stated that the balance owed was $851.07.

23.     Metro referred the Debt to Defendant to collect on its behalf.

24.     On January 9, 2016, Defendant sent Plaintiff a letter in an attempt to collect the Debt.

25.     A true and accurate copy of Defendant's January 9, 2016 letter is attached to this complaint as Exhibit A.

26.     The January 9, 2016 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

27.     Among the requirements in an initial communication, a debt collector must meaningfully convey: "the name of the creditor to whom the debt is owed."  15 U.S.C. § 1692g(a)(2).

28.     In addition to Defendant's account number and balance, Defendant gave the following information regarding the Debt: "Re: METRO ON 19TH / CHAMBERLIN & ASSOC / G171."  Exhibit A.

29.     The January 9, 2016 letter also stated that the "above referenced account has been placed with this office for collection" and informed Plaintiff to direct all correspondence to Defendant.  Exhibit A.

30.     Defendant's January 9, 2016 letter fails to meaningfully convey the identity of the current creditor.

31.     The least sophisticated consumer could reasonably believe that either Metro on 19th, Chamberlin & Assoc, or Defendant were the current creditor of the Debt.

32.     The least sophisticated consumer would also be unsure what Defendant meant by "re" in its January 9, 2016 letter as instead of informing the consumer of the current creditor, it could be used to inform Plaintiff where the Debt originated.

33.    Therefore, the least sophisticated consumer would be unsure whether Defendant disclosed the name of the current creditor at all.

34.    Defendant also fails to explain the relationship of Metro on 19th and Chamberlin & Assoc. by listing them both on the same line.

35.    Upon information and belief, Metro on 19th and Chamberlin & Assoc. are separate entities and are not both the current creditor of the Debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

36.    Plaintiff repeats and re-alleges each and every factual allegation above.

37.    Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the identity of the current creditor in its January 9, 2016 initial written correspondence. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. "[I]t is well established that 'a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011).

40. Defendant violated 15 U.S.C. § 1692e for using false, misleading, or deceptive means in connection with the collection of a debt, including by listing the name of the current creditor in a way in which Plaintiff could reasonably interpret the identity of the current creditor in multiple ways, one of which must be inaccurate. *See Gonzales*, 660 F.3d at 1062.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible

by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

41.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 26, 2016

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff