WO	IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN DIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| | ) No. 2:16-cv-3257-HRH |
| Defendant. | ) |
| _____ | ) |

O R D E R

Motion for Summary Judgment

Plaintiff moves for summary judgment.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Facts

From March 28, 2013 through February 18, 2015, plaintiff John Dix lived at an apartment complex called Metro on 19th,[3] which is operated by a property management

---

[1]Docket No. 26.

[2]Docket No. 35.

[3]Declaration of John Dix at 2, ¶ 6, Exhibit C, Plaintiff's Motion for Summary Judgment, Docket No. 26.

company called Chamberlin & Associates.[4] Plaintiff moved out of his apartment at Metro on 19th because his upstairs neighbors were too loud.[5] Metro on 19th contended that plaintiff owed a balance of $851.07 upon move out. Metro on 19th retained defendant National Credit Systems, Inc. to collect this amount from plaintiff.

On January 9, 2016, defendant sent plaintiff a debt collection letter. After the date line, the next line of the letter read: "Re: Metro on 19th/Chamberlin & Assoc/G171.[6] The next line contained an account number and the line following that read: "Balance: $851.07."[7] The body of the letter provided that "[t]he above referenced account has been placed with this office for collection" and that defendant "ha[d] been authorized to recover this debt..."[8] The final line of the letter read: "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose."[9] The January 9 collection letter was defendant's initial communication to plaintiff.

---

[4]Defendant's Objections and Responses to Plaintiff's Interrogatories at 4, ¶ 11, Exhibit D, Plaintiff's Motion for Summary Judgment, Docket No. 26.

[5]Deposition of John Dix at 31:18-22, Exhibit 1, Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Docket No. 35.

[6]January 9 Collection Letter at 1, Exhibit A, Complaint [etc.], Docket No. 1.

[7]Id.

[8]Id.

[9]Id.

On September 26, 2016, plaintiff commenced this action in which he asserts two claims against defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"). In Count I, plaintiff alleges that "[d]efendant[] violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the identity of the current creditor in" the January 9 collection letter.[10] In Count II, plaintiff alleges that

> [d]efendant violated 15 U.S.C. § 1692e for using false, misleading, or deceptive means in connection with the collection of a debt, including by listing the name of the current creditor in a way in which [p]laintiff could reasonably interpret the identity of the current creditor in multiple ways, one of which must be inaccurate.[11]

Plaintiff now moves for summary judgment on both of his claims.

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

"The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "The FDCPA does not ordinarily require proof of intentional

---

[10]Complaint [etc.] at 6, ¶ 37, Docket No. 1.

[11]Id. at 7, ¶ 40.

violation, and is a strict liability statute." Id. at 1161. "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." Freeman v. ABC Legal Services Inc., 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). It is undisputed that plaintiff is a consumer, that the debt involved in this case arises out of a transaction for personal purposes, and that defendant is a debt collector. What is disputed is whether defendant violated any provision of the FDCPA.

First, plaintiff alleges that defendant violated section 1692g(a)(2) which "requires that the initial communication with a consumer in connection with a debt contain ... the name of the creditor[.]" Terran v. Kaplan, 109 F.3d 1428, 1431 (9th Cir. 1997). It is not sufficient for the debt collector to merely include the name of the creditor in the communication. Rather, the information "must be conveyed effectively to the debtor." Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225 (9th Cir. 1988). "[W]hether the initial communication violates the FDCPA depends on whether it is 'likely to deceive or mislead a hypothetical "least sophisticated debtor."'" Terran, 109 F.3d at 1431 (quoting Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996)). "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" Id. at 1431-32 (quoting Swanson, 869 F.2d at 1227). "'Most courts agree that although the least sophisticated debtor may be

uninformed, naive, and gullible, nonetheless h[is] interpretation of a collection notice cannot be bizarre or unreasonable.'" Tourgeman v. Collins Financial Services, Inc., 755 F.3d 1109, 1119 (9th Cir. 2014) (quoting Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1027 (9th Cir. 2012)). "[T]he standard 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" Gonzales, 660 F.3d at 1062 (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). The "determination of whether a collection letter violates section 1692g is a question of law...." Terran, 109 F.3d at 1432.

Plaintiff argues that defendant violated section 1692g(a)(2) because the January 9 collection letter did not clearly identify the name of the creditor to whom the alleged debt is owed. It is undisputed that Metro on 19th is the creditor to whom the alleged debt is owed, but the only place in the January 9 collection letter that Metro on 19th is mentioned is in the "re" line. This is not sufficient to comply with section 1692g(a)(2). Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); see also, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp.

2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor ... appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor").

This case is similar to Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016). There, the collection letter had a caption that read: "Re: John T. Mather Hospital" and the body of the letter stated: "Please be advised that this account has been listed with our office for collection." Id. at *1. The court held that the defendant had violated section 1692g(a)(2) because the letter did not make it "explicit" that John T. Mather Hospital was the current creditor to whom the plaintiff owed a debt. Id. at *11. The court found "the fact that the caption ... lists John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the [p]laintiff's current creditor." Id. The court was

> not convinced that the least sophisticated consumer would be able to deduce from the caption, 'Re: John T. Mather Hospital,' that John T. Mather Hospital is the current creditor to whom the [p]laintiff's debt is owed ..., particularly given the fact that the Letter does not specify the [d]efendant's relationship to John T. Mather Hospital.

Id. at *12.

Similarly here, it is not sufficient that defendant listed Metro on 19th in the "re" line. While defendant is correct that the FDCPA does not require it to use "magic words", it does require it to effectively convey to the debtor the name of the current creditor, which

defendant failed to do. All defendant did was name the current creditor. Defendant did nothing to <u>identify</u> Metro on 19th as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim.

Plaintiff also argues that the January 9 collection letter violated section 1692e, which "prohibits the use by a debt collector of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting 15 U.S.C. § 1692e). "Whether conduct violates §[] 1692e ... requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" <u>Id.</u> (quoting <u>Guerrero v. RJM Acquisitions LLC</u>, 499 F.3d 926, 934 (9th Cir. 2007)). "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" <u>Gonzales</u> 660 F.3d at 1062 (quoting <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 455 (3d Cir. 2006)). "[A] debt collector's liability under § 1692e of the FDCPA is an issue of law." <u>Id.</u> at 1061.

Plaintiff argues that the January 9 collection letter was deceptive because it listed both Metro on 19th and Chamberlin & Associates in the "re" line, without making it clear which entity was the current creditor. Plaintiff also argues that the least sophisticated debtor might think that defendant was the current creditor since defendant sent the letter and directed all correspondence to be sent to it. Because the January 9 collection letter does not explain how these three entities are related, plaintiff argues that the least sophisticated debtor would think

that any of these might be the current creditor. Because the January 9 collection letter can be read in more than one way, one of which is inaccurate, plaintiff insists that it is deceptive.

It would not be reasonable for the least sophisticated debtor to read the January 9 collection letter as suggesting that defendant was the owner of the debt. The letter makes it clear that defendant is the debt collector. The letter provides that "[t]he above referenced account has been placed with this office for collection" and that "National Credit Systems, Inc. has been authorized to recover this debt...."[12] The only reasonable way for the least sophisticated debtor to read the letter is that defendant is the debt collector.

As for the reference to both Metro on 19th and Chamberlin & Associates in the "re" line, this is not confusing, misleading, or deceptive because the inclusion of Chamberlin & Associates was not material. "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §[] 1692e...." Donohue, 592 F.3d at 1033. "The purpose of the FDCPA, 'to provide information that helps consumers to choose intelligently,' would not be furthered by creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).'" Id. (quoting Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009)).

The inclusion of Chamberlin & Associates in the "re" line would not "undermine

---

[12]January 9 Collection Letter at 1, Exhibit A, Complaint [etc.], Docket No. 1.

[plaintiff's] ability to intelligently choose h[is] action concerning h[is] debt." Id. at 1034. Tourgeman, 755 F.3d 1109, helps illustrate this point.

There, Tourgeman "bought a Dell computer" which "[h]e financed ... through Dell Financial Services, which arranged for a loan to be originated by CIT Online Bank." Id. at 1112-13. Tourgeman believed that he had "completed repayment within two years of buying the computer. But Dell Financial's records reflected otherwise." Id. at 1113. Dell Financial sold the debt to Collins Financial Services, which Collins' affiliated debt collection company, Paragon Way, then attempted to collect. Id. Tourgeman asserted that Paragon Way had violated section 1692e because its debt collection letters "falsely identified his original creditor as 'American Investment Bank, N.A.,' when in fact CIT Online Bank originated his loan" and because "[t]he letters also displayed an 'Original Account #' that did not match Tourgeman's original CIT loan number." Id. at 1119. Tourgeman argued "that these false statements could lead a consumer to reach any number of incorrect understandings about the nature of the predicament he or she faces." Id. at 1120. The court was "persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way." Id. at 1121. The court found that "the factual errors in Paragon Way's letters to Tourgeman could easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." Id. The court explained:

> The debtor who takes Paragon Way's letters at face value—either because he does not remember the details concerning his financing of a computer bought several years beforehand, or perhaps because he never knew the identity of his original creditor to begin with—might engage in a fruitless attempt to investigate the facts of this non-existent debt, in a responsible effort to determine how to most effectively respond to the collection notice. This debtor might, quite reasonably, contact American Investment Bank to obtain background information so that he can remember what had earlier transpired, or to obtain any records that the bank holds pertaining to his debt so that he can prove he already had paid it off, if he believes such is the case. But, of course, American Investment Bank would have no record of a loan agreement; and the unknown account number certainly is of no help in getting to the bottom of things. Even if the consumer eventually finds his way to learning that the letter referred to the Dell debt he had incurred with CIT Online Bank, the delay already would have cost him some portion of the thirty days that the FDCPA grants to consumers before having to respond to a collection notice, lest the debt collector be entitled to assume the validity of the debt. And such confusion and delay in trying to contact the proper party concerning payment on the loan is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

Id. at 1121-22 (internal citations omitted).

Here, however, unlike the collection letter in Tourgeman, which attributed the debt to an entity that had no relationship to the debt, the January 9 collection letter attributed the debt to the entity that owned the debt and its property manager. The least sophisticated debtor might not have known who Chamberlin & Associates was. In fact, plaintiff testified that he had seen Chamberlin & Associates' "name on paperwork, but I don't know who they

are or anything about them."[13] But if the least sophisticated debtor had contacted Chamberlin & Associates, this entity, as the property manager for Metro on 19th, would have either had information on the alleged debt or could have directed the consumer to Metro on 19th. The inclusion of Chamberlin & Associates on the "re" line would not have made the debtor "engage in a fruitless attempt to investigate facts of [a] non-existing debt" and the debtor would have experienced little, if any, delay by contacting Chamberlin & Associates, rather than Metro on 19th. Tourgeman, 755 F.3d at 1121. The inclusion of Chamberlin & Associates in the "re" line was not misleading because this information was not material. Thus, plaintiff's section 1692e claim fails as a matter of law, and plaintiff is not entitled to summary judgment on this claim.

## Conclusion

Plaintiff's motion for summary judgment[14] is granted in part and denied in part. Plaintiff is granted summary judgment on his section 1692g(a)(2) claim in Count I. Summary judgment is denied as to plaintiff's section 1692e claim, and his Count II is dismissed.

DATED at Anchorage, Alaska, this 27th day of October, 2017.

/s/ H. Russel Holland
United States District Judge

---

[13]Dix Deposition at 10:20-21, Exhibit 1, Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, Docket No. 35.

[14]Docket No. 26.